EASTERN DIST.
*March*, 1832.

ROQUET
*vs.*
RICHARDSON.

## ROQUET *vs.* RICHARDSON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The acts of the legislature of 1807 and 1809, in relation to runaway slaves are penal, and have relation to public offences.

Whether the owner of a slave, which may have been concealed, or hired without license, can pursue the person offending in a civil action, and on proof of the offence recover the penalty prescribed by law. *Quere?*

A person who holds possession of a slave without right or title, although his motives be not criminal, is liable for expenses, to which the owner is put to recover the slave.

Damages were claimed from the defendant, on the ground of having concealed and employed a runaway slave belonging to the plaintiff. The general issue was pleaded, and it appeared from the testimony, that a female slave aged about twelve years, was brought to the defendant's house by a carman, to whom she had stated she was free; she remained with the defendant for nearly a year, during which time every publicity was given to the fact of her being there, and attempts made to discover, whether she was a slave, and to whom she belonged. There was no paper published in the parish where the defendant resided, nor did it contain a jail—it was further shown that the defendant was a justice of the peace. The plaintiff proved property in the slave—that he had advertised her in the papers of New-Orleans as a runaway, and expended one hundred dollars in endeavoring to recover her.

There was judgment for the defendant in the court below, and the plaintiff appealed.

*Schmidt*, for appellant.    *Peirce*, for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case, damages are claimed from the defendant, on account of the concealment and detention of a female slave, the property of the plaintiff. The court below rendered judgment in favor of the former, from which the latter appealed.

The amount claimed is in conformity with the acts of the Legislature, (part of the Black Code,) passed in 1807 and 1809, and which relate to the penalty and punishment for harboring and concealing runaway slaves. These acts seem intended to fix the penalties, to which offenders against their provisions may be legally subjected, on conviction—they are pecuniary, but may be changed into imprisonment, if the person convicted have not the means necessary to pay to owners of slaves the compensation accorded. *See* 1 *Moreau's Dig. p.* 119–20. In addition to the compensation allowed to owners, by the first article, a fine is imposed for the benefit of the parish, wherein the offender may be convicted, by the second—*same book, p.* 121. These laws are evidently penal, and have relation to public offences. Whether the owner of a slave, which may have been concealed or hired without leave, can pursue the person offending, in a civil action, and on proof of the offence recover the penalty prescribed by law? is a question which the present case (according to the testimony,) does not require to be settled, as we are of opinion with the court below that the proof does not establish any criminal concealment or illegal hiring against the defendant.

The petition contains a claim for damages to the amount of one hundred dollars, exclusive of the penalty fixed by law. The testimony is somewhat contradictory as to the value of the services of the slave—she is a girl about twelve years of age, and if healthy her work and labour must be presumed to be worth something. Be this, however, as it may, it is in evidence that one hundred dollars were paid by the husband of the plaintiff, in recovering possession of this slave. Although the conduct of the defendant, as shown by the proof of the cause, cannot be held as criminal, yet viewed either as an individual or a justice of the peace, there is such remissness and negligence on his part, as ought to subject him to all loss and damage actually suffered by the plaintiff in relation to her property, of which he had possession, without right or title.

It is therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled.

*Marginal notes:*

EASTERN DIST.
*March,* 1832.

ROQUET
*vs.*
RICHARDSON.

The acts of the Legislature of 1807 and 1809, in relation to runaway slaves are penal, and have relation to public offences.

Whether the owner of a slave, which may have been concealed or hired without license, can pursue the person offending in a civil action, and on proof of the offence recover the penalty prescribed by law—*quere?*

A person who holds possession of a slave without right or title, although his motives be not criminal, is liable for expenses to which the owner is put to recover the slave.

And it is further ordered, adjudged and decreed, that the plaintiff and appellant do recover from the defendant and appellee, one hundred dollars, with costs in both courts.